I will turn to the first case on the calendar, which is United States v. Daryl and Needham. Counsels? Good morning, Your Honors. Good morning. May it please the Court, I represent Ms. Needham on appeal from her resentencing. The issue in this case is the District Court's refusal to consider the significance of the after the post-Davis vacature of a 924C conviction. She was originally sentenced to 360 months in prison for her participation in a Hobbs Act conspiracy and substantive robberies. This was a downward departure from a guidelines range of 660 to life based on her substantial cooperation with the government against the violent men who committed the robberies. Her role was to provide information about drug dealers, these were robberies of drug dealers, and to occasionally serve as a lookout. Her guidelines range was so high because it included a mandatory stacked 25-year sentence for an unconstitutional 924C conviction. This count was vacated and her guidelines range dropped to 360 to life. Yet when she was resentenced, the district judge dismissed the dramatic reduction in the range as the framework for sentencing on the ground that he had not imposed a guideline sentence originally, but had granted a departure. So despite a 300-month reduction in the guidelines range, the court reduced her sentence by only six months. This was procedural error because the court refused to consider the guidelines range as the framework and anchor for the ultimate sentence. Excuse me, counsel, but I don't think what Judge Pauly did was to say that rather than reduce by 360, I will reduce by 60. I think he said he was going to reduce by six months, reduce by six months because of your client's behavior since conviction. So I don't think he gave any reduction in respect of 360 months. Right. He gave a reduction of only six months. If I said 60, I'm sorry, I misspoke. No, I'm sorry. I'm probably misspeaking myself. No, he only granted a six-month reduction out of a 300-month guidelines reduction. And the Supreme Court has said multiple times, reiterating and emphasizing in Pugh and Melina Martinez, that the sentencing court must use the guidelines range as the starting point and lodestar of the sentence. What if he had just focused on the updated guidelines range and reached the same result? It seems like you're focused on the delta between the two. And what if he had just disregarded the change, started with the updated range? If he had started and used that as the framework, then he certainly would have probably granted a bigger reduction. I mean, originally, I mean, in the original sentencing. Okay. On resentencing, if he, yeah, if he had started with the range and acknowledged in response to the defense counsel's argument that this was a huge reduction and warranted a substantial sentence, instead of rejecting that argument, then we wouldn't be here. We wouldn't have an argument. If he hadn't said that argument has only superficial appeal because this court has granted the government's motion for a downward departure in the earlier sentence, and therefore was not bound by any guidelines or mandatory minimum sentence, then we wouldn't have this argument. But he did say that he expressed the reasoning that is just dead wrong under the Supreme Court rulings, that the guidelines are the framework, and that when the guidelines change, the framework changes. So the guidelines should have an impact on the sentence. And the court simply rejected that argument. It seems like it's more that the change in the guidelines from the original to the updated is what he should have considered, not the updated guidelines themselves. Exactly. Exactly. Because it's clear, if you look at the impact of his reasoning, it's clear that she was really harmed here. If you look at what her sentence would have been if her range had been 360 to life originally, with a government 5K motion based on her substantial cooperation, she would have received a sentence significantly lower than the 360 months that she received. She received that sentence because that was a very large substantial, as this court even noted in her appeal from that sentence, a substantial departure from the range of 660 to life. If the court had given the same proportional reduction, that would have resulted in a sentence of under 200 months. And then for her subsequent substantial cooperation in the case against the correctional officers for sexual abuse against inmates, including herself, she was a victim in that case. From the original sentence, the court granted an 80 month reduction in her overall sentence to 280 months. If that same reduction had been granted on the 200 month sentence, that would have been a proportional analog to the 360 month guideline range, it would have reduced- Well, I'm not saying that the court would have to give a proportional sentence. The court could, if properly considering the framework, give a non-proportional sentence. That's not really our argument, but I'm just pointing out that, you know, the what ifs. Well, it sounds like the argument is that it's so out of proportion that it must be a procedural error. Well, my argument is that the court committed a procedural error by not using the guidelines range as the framework for resentencing, by not acknowledging that the change in the guidelines range mattered, by reasoning that it didn't matter because he imposed a departure the first time. That's the error, but if you look at the impact of the real world consequences, you can see that this never would have happened if she had been sentenced to 360 to life in the first place. If the sentence had been correct in the first place, the guidelines range, Ms. Needham, she would have been out by now, really under any scenario. Even if the court on the second cooperation rule 35 motion had only granted a lesser departure of say 40 months or even 24, she would have had an overall sentence of 160 or 176 instead of the 192 months that she already had in at the time of her Davis resentencing, which is already up to 17 years. By the time of this resentencing, she was a twice cooperator who had put herself at great risk cooperating against a very violent gang of male robbers and against the correctional officers while she was still a prisoner, yet she only wound up with an overall sentence of 274 out of a correct guideline range of 360. I'm not saying that that's the error itself. We're not arguing substantive unreasonableness, but it just shows how unfair it is. What is the error? The error is the court's procedural error in not understanding, mistaken that the new guidelines range had to be the framework for the new sentence and stating instead that the guidelines really didn't matter because he had imposed a sentence outside the range in the first place. Have we said that yet? Have we said that, counsel, in a Second Circuit case, that for resentencing it has to be the new guideline range? Have we said that? Yes, it always has to be the new guideline range. That's just black letter law, that the new guidelines range is always the starting point and framework for any sentencing, including resentencing. So his error was not recalculating the guideline range? No, he recalculated the guideline range. He went through the calculation, but he rejected the argument that the dramatic change in the guidelines range, that the fact that there was now a 300-month difference, should make any difference in the outcome on the theory that because he departed the first time, that didn't really matter. And that's the error. That is the error under the Supreme Court's decisions in Pew and Melina Martinez. What if the court had concluded that having departed the first time based upon cooperation and 3553 considerations, that that was the proper sentence and that for what she had done. I mean, she was the one who identified the people who were to be attacked. Every one of these encounters risked human life. She was the lookout for some of them. And the court decided that that, you know, that that that that that was and remained the appropriate punishment. And it was within it was within the maximums. Well, then you're on the court wouldn't wouldn't have been giving any any credit for her cooperation that if the court had if the court had been had had applied the right framework, had been looking at this through the proper lens, the court wouldn't have done that because there would have been no if the court had actually said, yes, I agree, the guidelines range is much lower and we have to start with that new guidelines range. Why why shouldn't we say that the court could have done exactly what you're talking about, but was not required to do that? Is your argument that the court was required to to to begin with the guidelines analysis on resentencing? Yes, that's my argument. And if the court had even if the court had imposed a similar sentence, if the court had done it properly, we wouldn't have the same argument. We might have a different argument. But in this case, because the court didn't approach the analysis with the right framework from the get go, right from the beginning, rejecting the argument that the change in the guidelines mattered. The court didn't properly analyze this, and the court would would likely do something different on remand. It's usually the case. Your time has expired, but you're reserved two minutes for rebuttal. We'll hear from the government. Thank you. May it please the court. My name is Sam Rothschild. I'm an assistant United States attorney in the Southern District of New York, and I represent the United States in this appeal. This court should affirm the defendant's sentence because it is reasonable and Judge Pauly committed no error in imposing it to pick up where the court just left off in an attempt to invoke procedural unreasonableness. The defendant contends that Judge Pauly failed to properly consider the updated guidelines range. Judge Pauly expressly considered the updated guidelines range and rejected the defendant's argument for a reduction based on that updated guidelines range. Judge Pauly did everything that the court has required. This court has said repeatedly that the law does not require a specific articulation or robotic incantation to assure itself that the sentencing judge has reviewed all of the relevant thirty five fifty three a factors, including the updated guidelines range. Here, Judge Pauly properly calculated the updated guidelines range. He expressly considered all of the relevant thirty five fifty three a factors, including that updated guidelines range. He provided an explanation, explained reason for the sentence that he imposed, which was a below guideline sentence. And he made clear that the sentencing calculus in this case was driven by the severity and the history of the defendant's criminal conduct as tempered by her cooperation and her rehabilitation. Should he have considered the prior guidelines range and the change that seems to be the thrust of the defendant's argument? Your Honor, I think that that is the thrust of the defendant's argument. And I think I think the response is that he he did consider that that that Delta he he he understood the defendant's argument and he rejected it on on the grounds that this was a case where other factors, the other thirty five fifty three a factors bore more weight in his sentencing calculus than did the guidelines. And the defendant can point to to no case from this court holding that that presents a procedural procedurally unreasonable error. To the contrary, this court's precedent make clear that the requirement that the district court consider the thirty five fifty three a factors do not give the defendant a right to receive any particular weight or particular credit under a given factor. This court has said time and again that if the ultimate sentence is reasonable and the judge did not commit procedural error in imposing it, this court will not second guess the weight that a sentencing judge accorded a particular factor such as the guidelines range. I'd note that the Supreme Court's decision in Molina Martinez cited by the defendant makes clear that the record in a case may show that the sentencing judge thought a particular sentence was appropriate irrespective of the guidelines range in the case. And we think that's that's exactly this case here. And I'd also note that the defendant's position in this case is inconsistent with the Davis ruling itself, where the Supreme Court expressly contemplated that the decision would not lead to overall sentence reductions because after vacatur of a nine twenty four C conviction, the sentencing court might increase the sentence for the remaining counts vacatur of a nine twenty four C will always lead to an updated guidelines range. But on the defendant's theory, imposition of a similar sentence in the face of an updated guidelines range would constitute procedural error that simply can't be squared with the Supreme Court's decision in Davis. Unless this court has further questions, we'll rest on our submission and respectfully request that the sentence be affirmed. Thank you. Thank you, counsel. Miss Cassidy, you have two minutes for rebuttal. Okay. Yes, your honor. This case is not about requiring robotic incantations or what the judge did not say. It is about what the court stated, which is that the argument that the dramatic change in the guideline matters has only superficial appeal because this court granted the government's motion for a downward departure the first time around and therefore was not bound by any of the guidelines or mandatory minimums. He rejected it on the ground that he had granted departure departure the first time. He rejected that argument on that ground and not on the other grounds. He then weighed the factors. It is true. He weighed the factors and considered the seriousness of the of the offenses. But he weighed that against a mistaken framework, the wrong framework, which is that the guidelines are always the starting point and benchmark and have to be the sentence has to proceed. The analysis has to proceed from there. That's our argument. We're not saying that he had to impose any particular sentence, just that he had to apply the right framework in imposing the sentence. Thank you, counsel. Thank you both. We'll reserve decision on this matter.